# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL ACTION NO.: 3:97 CR 184-13

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| WENDELL ANTHONY JACKSON, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**THIS MATTER** is before the Court on Defendant's "Motion for Reduction of Sentence Pursuant to Title 18 U.S.C. 3582(c)(2) and USSG § 1B1.10(c)," (file doc. 610), filed January 27, 2006.

On August 6, 1998, Defendant entered a straight-up guilty plea to conspiracy to possess with intent to distribute, and distribute, a quantity of cocaine and cocaine base within 1,000 feet of a protected area, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 860. Defendant was sentenced on May 17, 1999, and a Judgment was entered against Defendant on June 18, 1999, sentencing Defendant to two hundred sixty-two (262) months incarceration. Defendant appealed his conviction and sentence on May 17, 1999, and the Fourth Circuit affirmed this Court's Judgment on December 10, 1999, in an unpublished opinion. On December 12, 2000, Defendant filed a Motion to Vacate under 28 U.S.C. § 2255, which this Court denied on June 18, 2002. The Defendant now asks this Court to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2).

Under 18 U.S.C. § 3582(c)(2), a court may modify an imposed term of imprisonment where the defendant has "been sentenced to a term of imprisonment based on a sentencing range

that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . [and] after considering the factors set forth in section 3553(a) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Section 3582(c)(2) is only applicable to instances where a defendant is sentenced and a provision in the Sentencing Guidelines is subsequently amended, which, had the amendment occurred prior to the defendant's sentencing, would have resulted in a lower term of imprisonment. In such an instance, the court has the discretion to amend the defendant's term of imprisonment, but only after also considering the factors listed in § 3553(a) and the policy statements issued by the Sentencing Commission. This is not the situation now before this Court.

Defendant argues that Amendment 591 to the Sentencing Guidelines allows a reduction in his sentence. Defendant correctly states in his Motion that Amendment 591 requires the sentencing court to look to the statute of conviction to enhance a sentence for a drug offense near a protected location, rather than to enhance for conforming conduct. (Def.'s Mot. at 6.) Therefore, in order for the enhanced penalties for a drug offense near a protected area to apply, Defendant must have been convicted of such an offense, rather than just simply to have engaged in such conduct. *See United States v. Whitaker*, 2005 WL 3240662, *3 (D.S.C. 2005).

However, a review of the record reveals that Defendant did plead guilty to conspiracy to possess with intent to distribute, and distribute, a quantity of cocaine and cocaine base within 1,000 feet of a protected area, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 860. Moreover, Defendant concedes that Count One of the Indictment, to which he pled guilty, included a violation of 21 U.S.C. § 860. (Def.'s Mot. at 4.) Thus, it was entirely proper for his sentence to be enhanced based on the conviction of a drug offense near a protected location. For these

2

reason, Defendant's sentence comports with Amendment 591.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Reduction of Sentence Pursuant to Title 18 U.S.C. 3582(c)(2) and USSG § 1B1.10(c)," (file doc. 610), is hereby **DENIED**.

Signed: April 11, 2006

Richard L. Voorhees
Chief United States District Judge